The **WASHINGTON THEATER CLUB, INC.,** Petitioner,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF FINANCE AND REVENUE, PROPERTY ASSESSMENT DIVISION,** Respondent.

No. 6837.

District of Columbia Court of Appeals.

March 20, 1973.

Charles T. Duncan and Richard J. Medalie, Washington, D. C., for petitioner.

C. Francis Murphy, Corporation Counsel, and Kenneth R. West and Henry E. Wixon, Asst. Corporation Counsels, for respondent.

Before REILLY, Chief Judge, and FICKLING and NEBEKER, Associate Judges, in chambers.

PER CURIAM:

Upon denial of exemption as an institution under D.C.Code 1967, § 47–1208 and assessment of taxes due by the District of Columbia Department of Finance and Revenue, Property Assessment Division, petitioner sought review in this court under the District of Columbia Administrative Procedure Act.[1] The District of Columbia moved to dismiss for lack of jurisdiction, which we granted. On petition for rehearing, petitioner argues that Lindner v. District of Columbia, D.C.Mun.App., 32 A.2d 540 (1943), decided that there can be more than one mode of review available to petitioner, and that D.C.Code 1967, § 1–1508 (Supp. V, 1972), is not limited to "contested" cases as defined in D.C.Code 1967, § 1–1502(8) (Supp. V, 1972). Nevertheless,

1. D.C.Code 1967, § 1–1501 et seq. (Supp. V, 1972). *See also* D.C.Code 1967, § 11–722 (Supp. V, 1972).

we hold pursuant to D.C.Code 1967, § 11–1201 (Supp. V, 1972)[2] and D.C.Code 1967, § 11–1202 (Supp. V, 1972)[3] that the exclusive remedy lies in the Tax Division of the Superior Court. Whatever may be said for a completely literal reading of the Administrative Procedure Act, the foregoing sections specifically granting that division exclusive jurisdiction to review such tax cases must be deemed a superseding limitation on the breadth of the language of § 1–1508.[4]

Accordingly, the petition for rehearing is

Denied.

2. § 11–1201. Exclusive jurisdiction

The Tax Division of the Superior Court shall be assigned exclusive jurisdiction of—

(1) all appeals from and petitions for review of assessments of tax (and civil penalties thereon) made by the District of Columbia . . . .

3. § 11–1202. Abolition of other remedies

*Notwithstanding any other provision of law*, the jurisdiction of the Tax Division of the Superior Court to review *the validity* and amount of all assessments of tax made by the District of Columbia is exclusive. . . . (Emphasis added.)

